UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

MELODEE MICHALARES-OWENS,
    Plaintiff,

vs.

TERRY TSAFATINOS & ANNAJOINT
REVOCABLE TRUST c/o TERRY TSAFATINOS,
as Trustee, and Unknown Defendant #1 d/b/a
JFS FOOD MART, jointly and severally,
jointly and severally, and Unknown Defendant #2,
    Defendants.
_____/

# COMPLAINT FOR INJUNCTIVE RELIEF

# JURISDICTION/VENUE/PARTIES/DEMANDS

1. This is an action for injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. §1331, and 28 C.F.R. §36.201 ("ADAAG") to prevent discrimination which includes equal access to Defendant TERRY TSAFATINOS & ANNAJOINT REVOCABLE TRUST's c/o TERRY TSAFATINOS, as Trustee ("Defendant") and UNKNOWN DEFENDANT #1 d/b/a JFS FOOD MART's ("Defendant") place of public accommodation (collectively "Defendants").

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has original jurisdiction over actions that arise from Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.  See also 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because it is where Defendant(s) reside(s); where the cause of action accrued; and it is the situs of the property that is the subject of this action.  Assignment to the Tampa Division is

1

   appropriate pursuant to Rule 1.02 of the Local Rules of the United States District Court, Middle District of Florida, because it is the county having the greatest nexus with the action, with due regard to the where the cause of action accrued and the situs of the subject property.

4.  Plaintiff, MELODEE MICHALARES-OWENS, resides in Pinellas County, Florida, is *sui juris* and qualifies as an individual with disabilities as defined by the ADA. Plaintiff, as a result of arthritis in critical joints, is unable to engage in the major life activity of walking more than a few steps or standing without assistive devices. Instead, Plaintiff is bound to ambulate with a cane or other support and has limited use of her hands. She is unable to tightly grasp or pinch, or twist her wrist to operate turning door hardware or spigots. When ambulating beyond the comfort of her own home, Plaintiff must primarily rely on a Rollator or cane. Plaintiff requires accessible handicap parking spaces located closest to the entrances of a facility. The handicap and access aisles must be of sufficient width so that she can embark and disembark to and from her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels, cane, or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them or use them as support while writing or using card devises. She has difficulty operating turning door knobs, sink faucets, locks or other operating mechanisms that require tight grasping, twisting of the wrist or pinching. Sinks that have unwrapped pipes pose a danger of scraping or burning her legs. She requires grab

bars both behind and beside a commode so that she can safely transfer to the seat and she has difficulty reaching the flush control if it is on the wrong side. She cannot pass doorways that lack the proper clearance.

5. Plaintiff is a consumer who frequents businesses in the Tampa Bay Area.

6. When she travels throughout the Tampa Bay area, Plaintiff has and will continue to avail herself of public accommodations. Plaintiff's attorneys, friends and medical providers are located in the Tampa Bay area which she frequents often and on a constant basis.

7. Plaintiff is an advocate of the rights of similarly situated disabled persons and is otherwise a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

8. According to the Property Appraiser Records and Florida Department of Business and Professional Regulation Records, Defendant TERRY TSAFATINOS & ANNAJOINT REVOCABLE TRUST c/o TERRY TSAFATINOS, as Trustee, owns or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104, located at 11801 Seminole Boulevard, Largo, FL 33770 (hereinafter "Convenience Store").

9. Unknown Defendant #1 d/b/a JFS FOOD MART conducts and transacts business under the laws of the state of Florida, and otherwise operates within the jurisdiction of this Court. Unknown Defendant #1 is the owner, lessee, lessor or operator of commercial property and improvements, commonly known as the JFA FOOD MART, located at 11801 Seminole Boulevard, Largo, FL 33770 (hereinafter "Convenience Store").

10. Defendants are the owners, operators, sponsors, publishers, promoters or otherwise have an interest in, or are the beneficiaries of the business commonly known as JFS FOOD MART, located at 11801 Seminole Boulevard, Largo, FL 33770 (hereinafter "Convenience Store"), which is the subject Convenience Store, open to the public.

11. Defendant TERRY TSAFATINOS & ANNAJOINT REVOCABLE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant d/b/a JFS FOOD MART are jointly and severally liable for ADA violations.

12. Plaintiff has retained undersigned counsel and law firm to commence and prosecute this action to stop marginalization of disabled or qualified disabled persons committed by Defendants TERRY TSAFATINOS & ANNAJOINT REVOCABLE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART under the ADA.  Pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505, Plaintiff is entitled to immediate temporary and permanent injunctive relief to prevent the present, continued, and future discrimination and discriminatory practices so evidenced by Defendants and the Convenience Store as further described herein, reasonable attorney's fees, costs and litigation expenses.

**BACKGROUND**

13. The Convenience Store is a place of public accommodation as defined by the ADA because it is, or is part of, a place of exhibition, a retail store, convenience store, or involves sales to the general public. The Convenience Store allows the general public access to purchase gasoline, food items, beverages, or other sundries.  As such, the subject Convenience Store is a sales establishment, which is a place of public accommodation pursuant to 42 U.S.C. §12181 and must comply with the ADA.  This

means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public and Defendant TERRY TSAFATINOS & ANNAJOINT REVOCABLE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART have subjected themselves to the ADA.

14. In addition to Title III's prohibition of denial-of-participation, no public accommodations may "afford an individual or class of individuals, on the basis of disability … directly, or through contractual licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

15. The broad mandate of the ADA is to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to sales establishments, such as the subject Convenience Store.

16. The ADA is the industry standard adopted by major companies and governmental agencies to ensure their establishments are accessible to disabled persons; the guidelines are readily achievable. These guidelines are readily available via the internet so that a business designing an establishment can easily access the standards and provide several basic components to incorporate into the Convenience Store so that persons with disability may have accessibility.

17. Pursuant to Title III, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operated a place of public accommodation." 42 U.S.C. § 12182(a).

18. Public accommodations are prohibited from subjecting "an individual or class of individuals on the basis of a disability … directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

19. TERRY TSAFATINOS & ANNAJOINT REVOCABLE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART are obligated to comply with 42. U.S.C. § 12182(b)(2)(A)(ii), which defines discrimination as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities[.]"

20. Separate is not equal and discrimination includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services[.]" 42 U.S.C. § 12182(b)(2)(A)(iii). TERRY TSAFATINOS & ANNAJOINT REVOCABLE TRUST's c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART's disparate treatment of persons who are not disabled or not qualified disabled, from persons who are disabled or qualified disabled, violate Federal law, and such discrimination must cease.

## COUNT I – INJUNCTIVE RELIEF

21. Plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.

22. TERRY TSAFATINOS & ANNAJOINT REVOCABLE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART own and operate, either itself or through third parties, a Convenience Store open to the general public. The Convenience Store allows members of the public to partake of the goods, services, features, facilities, benefits, advantages, amenities and accommodations of the Convenience Store.

23. TERRY TSAFATINOS & ANNAJOINT REVOCABLE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART failed to comply with ADA criteria in violation of general prohibition against discrimination for individuals with disabilities and the specific requirement(s) concerning public accommodations including, but not limited to the following (Plaintiff anticipates additional violations will be disclosed during the discovery process):

a) sales counters at the subject property are at inaccessible heights, which requires that a portion of the main counter height range is from 28 inches to 34 inches above finished floor. The Plaintiff was prevented from using the sales counters because each was at inaccessible heights; and

b) various hanging merchandise are at inaccessible heights, in violation of 28 C.F.R. Part 36, Section 42, which prohibited Plaintiff from being able to use same; and

c) failure to provide adequate directional and accurate informational signage through the subject property, as required by 28 C.F.R. Part 36, Section 4.1.3(16), prevented Plaintiff from navigating the same; and

d) failure to provide signage at the subject propertyu addressing people with disabilities advising them that accessible services are provided, as required by 20 C.F.R. Part 36, Section 4.30.4, precluded Plaintiff from full use of the services at the same; and

e) failure to provide an ADA compliant curb cut and requisite striping from parking area at the subject property in violation of 28 C.F.R. Part 36; and

f) failure to provide one in every eight accessible spaces, but not less than one, with an accessible 96 inch wide minimum, with the designation of "van accessible" as required by 28 C.F.R. Part 36, Section 4.6.4 and 4.1.2(5)(b); and

g) failure to provide an adequate number of accessible number of handicap spaces at the subject property that comply with the requirements of 28 C.F.R. Part 36, Section 4.6.3, and are located on the shortest route of travel from adjacent parking to the Property, as required by 28 C.F.R., Part 36, Section 4.6.2, as well as compliant pathway from said handicap spaces to the subject property's entrance; and

h) parking lot is rough and uneven, and no ADA compliant route from the public access to the Convenience Store, posing a tripping hazard to Plaintiff; and

i) ramp from parking lot to Convenience Store is too steep, unprotected edges pose falling hazard, ramp should be cut into the walk way; and

j) handicap stall is too narrow to allow wheelchair to turn, thereby preventing Plaintiff from use of same; and

k) pipes under sink are not wrapped with correct insulation, thereby posing a hazard to Plaintiff; and

l) lack of grab bars in the restroom, prohibiting Plaintiff from use thereof; and

m) blockage of aisles to merchandise, thereby preventing Plaintiff from purchasing sundries; and

n) doorknob to restroom requires twisting or pinching, thereby prohibiting Plaintiff from use thereof; and

o) doorway to restroom is too narrow for a wheelchair to pass through, thereby preventing Plaintiff from use thereof; and

p) Mirror in the bathroom is missing or improperly installed; and

q) Spigots in bathroom requires pinching or twisting in violation of the ADA.

24. On or about January 17, 2020, Plaintiff patronized Defendants' Convenience Store and encountered the above listed barriers. See attached Composite Exhibit "A".

25. Plaintiff encountered barriers with Defendants' Convenience Store in violation of the ADA as set forth below, which inhibited Plaintiff from patronizing Defendants' establishment and has otherwise deterred Plaintiff from being able to use and enjoy Defendants' public accommodations in the same manner as non-disabled individuals. The inaccessibility of Defendants' Convenience Store has caused Plaintiff undue burden and hardship. Alterations to Defendants' Convenience Store are readily achievable. At the time of the commencement of this action, Defendants' Convenience Store lacked complete compliance with the ADA.

26. Within ninety (90) days from the service of the Complaint, Plaintiff will revisit the Convenience Store to ensure compliance with the ADA and 28 C.F.R. § 36.302(e) and will use the Convenience Store and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, amenities, and accommodations at the Convenience Store, provided the barriers have been removed.

27. Plaintiff is continuously aware that the subject Convenience Store remains non-compliant and that it would be a futile gesture to revisit the Convenience Store as long as those violations exist unless she is willing to suffer additional discrimination.

28. Once Defendants comply with the ADA, Plaintiff will be able to enjoy the accommodations that suits her needs in the same manner as able bodied individuals, which is the purpose of the ADA.

29. The violations present at Defendants' Convenience Store infringe upon Plaintiff's right to travel free from discrimination.

30. Plaintiff continues to desire to patronize Defendants' Convenience Store, but is unable to do so until the barriers are removed, thus will continue to suffer irreparable injury from TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST's c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1's d/b/a JFS FOOD MART intentional acts, policies, and practices set forth herein unless enjoined by this Honorable Court.

31. Plaintiff has suffered and continues to suffer frustration and humiliation as the result of the discriminatory conditions at TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST's c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1's d/b/a JFS FOOD MART Convenience Store. By continuing to operate a Convenience Store with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation, and deprives the Plaintiff of full and equal enjoyment of the goods, services, facilities, privileges and accommodations available to the general public. By encountering the discriminatory conditions at Defendants' Convenience Store, and knowing it would be futile to return to the Convenience Store

unless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services, amenities, and benefits readily available to the general public.

32. By maintaining a Convenience Store with ADA violations, TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART deprive Plaintiff of the equality of opportunity offered to the general public.

33. TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST's c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1's d/b/a JFS FOOD MART Convenience Store did not offer adequate amenities to permit a disabled person such as Plaintiff with mobility impairments to use and navigate the Convenience Store in an effective manner; specifically, but not limited to, insufficient number of handicapped parking spaces; parking lot is rough and uneven, posing tripping hazard; ramp from parking lot to Convenience Store is too steep, unprotected edges pose falling hazard, ramp should be cut into the walk way; round doorknob without a pinch lock; handicap stall is too narrow to allow wheelchair or Rollator to turn; pipes under sink are not wrapped with correct insulation; no ADA compliant route from the public access to the Convenience Store; no directional signage indicating the location of ADA compliant features; and payment counter is too high and without ADA accessibility. Each barrier prevents Plaintiff from utilizing the public facility. Elimination of each barrier is readily achievable. Upon initial review of TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST's c/o TERRY TSAFATINOS, as Trustee, and Unknown

Defendant #1's d/b/a JFS FOOD MART Convenience Store, all remedies are readily achievable. However, additional ADA violations may be discovered through discovery.

34. When the Convenience Stores imposes barriers like TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST's c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1's d/b/a JFS FOOD MART mobility impaired users, such as Plaintiff, are excluded from the content and services available.

35. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST's c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1's d/b/a JFS FOOD MART discrimination until both Defendants are compelled to modify the Convenience Store to comply with the requirements of the ADA and to continually monitor and ensure that the subject Convenience Store remains in compliance.

36. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendants' non-compliance with the ADA with respect to the Convenience Store and has reasonable grounds to believe she will continue to be subjected to discrimination in violation of the ADA by TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST's c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1's d/b/a JFS FOOD MART.

37. Because of TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST's c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1's d/b/a JFS FOOD MART denial of full and equal access to, enjoyment of, and communication with, its goods, services, facilities, privileges, advantages, and accommodations, Plaintiff and others similarly situated has suffered, and continues to suffer, an injury in fact, which

is concrete and particularized, present, actual and a direct result of Defendants' conduct or omission.

38. TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART have discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, amenities, advantages and accommodations of the Convenience Store.

39. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

40. TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART have discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, amenities, advantages and accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181, et seq., and 28 C.F.R. § 36.302(e).  Furthermore, Defendants continue to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford all offered goods, services, privileges, facilities, amenities, advantages and accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

41. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff and others will continue to suffer irreparable injury from TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST's c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1's d/b/a JFS FOOD MART intentional acts, policies, and practices set forth herein unless enjoined by the court.

42. As a result of the inaccessibility of TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST's c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1's d/b/a JFS FOOD MART Convenience Store and by the barriers to access Defendants' Convenience Store, TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART have denied individuals with disabilities who are mobility impaired full and equal enjoyment of the information and services that Defendants have made available to the general public in Defendants' Convenience Store in derogation of 42 U.S.C. sec. 12101 *et seq.*, and as prohibited by 42 U.S.C. sec. 12182 *et. seq*.

43. TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART have violated the ADA (and continues to do so) by denying access to the Convenience Store to individuals with disabilities who are mobility impaired. These violations within the Convenience Store are ongoing, and removal of the barriers are readily achievable.

44. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for and injunctive relief is the only means to secure adequate redress from TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST's c/o

TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1's d/b/a JFS FOOD MART unlawful and discriminatory practices.

45. TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART use standards, criteria or methods of administration that have a chilling effect, discriminatory effect, or perpetration of discrimination on the Plaintiff and a protected class of citizens.

46. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's request for injunctive relief, including an order to require TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART to alter the subject Convenience Store to make it readily accessible and useable to the Plaintiff and all those other persons with disabilities as defined by the ADA and 28 C.F.R. § 36.302(e); or by closing the Convenience Store until such time as Defendants cure their violations of the ADA.

47. As a result of TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST's c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1's d/b/a JFS FOOD MART inadequate development and administration of the Convenience Store, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. sec. 12133 to remedy the discrimination.

48. Pre-suit notice to the Defendants of the Defendants' violations of ADA is not required pursuant to the ADA.

49. Any and all conditions precedent to the action have been fulfilled, performed, or waived; specifically, on or before January 20, 2020, the undersigned performed a

diligent search of online public records, and according to those records, TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART have not registered for remediation nor have been sued for violations described herein.

50. Pursuant to 42 U.S.C. sec. 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to:

   a. Enjoin the Defendants and require TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART to comply with the ADA and make the Convenience Store provide full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations for persons with disabilities, such as Plaintiff, and

   b. Require TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART to cease and desist discriminatory practices, and if necessary, to cease and desist operations of the Convenience Store until the requisite modifications are made such that the Convenience Store becomes equally accessible to persons with disabilities.

WHEREFORE Plaintiff demands judgment against Defendants and requests the following injunctive relief:

a) The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD

MART from operating the Convenience Store without adequate accommodation for the mobility impaired;

b) The Court enter an Order requiring Defendants to update the Convenience Store to remove barriers in order that the individuals with mobility disabilities can access the Convenience Store and facilities to the full extent required by the Title III if the ADA;

c) The Court enter an Order requiring Defendants to clearly display the universal disabled logo within its Convenience Store, wherein the logo would lead to ADA complaint amenities which would state Defendants' accessibility information, facts, policies, and accommodations. Such a clear display of the disabled logo is to ensure that individuals who are disabled are aware of the availability of the accessible features of the Convenience Store;

d) The Court enter an Order requiring Defendants to provide ongoing support for ADA accessibility by implementing an ADA accessibility policy, and providing for ADA accessibility feedback to ensure compliance thereto;

e) The Court enter an Order directing Defendants to evaluate their policies, practices, and procedures toward persons with disabilities, for such reasonable time so as to allow TERRY TSAFATINOS & ANNAJOINT REVOCALE TRUST c/o TERRY TSAFATINOS, as Trustee, and Unknown Defendant #1 d/b/a JFS FOOD MART to undertake and complete corrective procedures to the Convenience Store;

f) The Court award reasonable attorney's fees, all costs, (including but not limited to court costs and expert fees), and other expenses of suit, to the Plaintiff; and

g) That the Court award such other and further relief as it deems necessary, just and proper.

Dated: January 20, 2020.

                        MCDONALD & MINCE, PLLC

                        _/s/ Layla K. McDonald_____
                        Layla K. McDonald, Esq. / FBN: 11308
                        Email: lmcdonald@mcdonaldandmincelaw.com
                        Tel: 727-667-2269
                        Melissa G. Mince, Esq. / FBN: 546230
                        Email: mmince@mcdonaldandmincelaw.com
                        Tel: 727- 687-9707
                        801 West Bay Drive, Suite 113
                        Largo, Florida 33770
                        Secondary Email: eserve@mcdonaldandmincelaw.com